PEGGY C. CONKLIN, as Administratrix of the Estate of ARTHUR V. CONKLIN, Deceased, Respondent, *v.* CANADIAN-COLONIAL AIRWAYS, INC., Appellant.

(Argued January 8, 1935; decided February 26, 1935.)

*Alfred M. Bailey* for appellant. The ruling that the limitation of liability to $5,000 is illegal and void as contrary to public policy, is reversible error. (*Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562; *Anderson* v. *Erie R. R. Co.*, 223 N. Y. 277; *Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y. 442; *Onondaga Golf & Country Club* v. *Syracuse & S. R. R. Co.*, 96 Misc. Rep. 213; *New York Central R. R. Co.* v. *Lockwood*, 17 Wall. 357; *Hart* v. *Pennsylvania R. R. Co.*, 112 U. S. 331.) A common carrier's liability under contracts of limitation is to be determined by the law of the place where the contract was made and the transportation begins, unless contrary intention is shown, and that the transportation is to be completed in another State is not evidence of such intention. (*Fish* v. *D., L. & W. R. R. Co.*, 211 N. Y. 374; *Dyke* v. *Erie R. R. Co.*, 45 N. Y. 113; *Valk* v. *Erie R. R. Co.*, 130 App. Div. 446; *Willcox* v. *Erie R. R. Co.*, 162 App. Div. 94.)

*G. Everett Hunt* for respondent. The provision in the ticket on which the deceased was riding which undertakes to limit the liability of the defendant to the general public for damages arising out of the active negligence of its employees was illegal and void. (*Southern Ry. Co.* v. *Prescott*, 240 U. S. 632; *Kansas City Southern Ry. Co.* v. *Carl*, 227 U. S. 639; *Sheridan* v. *N. J. & N. Y. R. R. Co.*, 104 N. J. L. 622; *Barnet* v. *N. Y. C. & H. R. R. R. Co.*, 222 N. Y. 195; *Barstow* v. *N. Y., N. H. & H. R. R. Co.*, 158 App. Div. 665; *Kennedy* v. *Cunard S. S. Co.*, 197 App. Div. 459; 235 N. Y. 604; *Straus & Co.* v. *Canadian Pacific Ry. Co.*, 254 N. Y. 407; *Kilthau* v. *International Mer. Marine*, 245 N. Y. 361; *Burke* v. *Union Pacific Ry. Co.*, 226 N. Y. 534; *People* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 543.)

CRANE, Ch. J. On the 18th day of April, 1930, Arthur V. Conklin, then a young man thirty-two years of age, went to the Albany Airport and obtained passage to Newark, New Jersey. The defendant had a regularly scheduled trip leaving Albany at two P. M. The deceased paid for his ticket in cash. Nothing was said to him about flying conditions in and about Newark nor about different priced tickets. The plane ran into a fog at Poughkeepsie, which thickened on the approach to Newark, so that in the attempted landing the plane struck against high tension electric wires, destroying ship and passengers.

The negligence of the defendant is not disputed upon this appeal, the single point being made that the defendant was relieved from liability in excess of $5,000 for negligence causing young Conklin's death, by reason of the terms and conditions stated upon the ticket which he purchased. Is it the law of this State that a common carrier of passengers for hire can refuse to carry them unless they stipulate or contract that the carrier shall not be liable for its own negligence or that of its employees? This State has never gone that far.

The ticket which Conklin purchased read in part:

" This passage ticket is issued by the Company and accepted by the holder hereof on the following conditions:

\* \* \* \* \* \* \*

" 6. That the holder voluntarily assumes the ordinary risks of air transportation, and stipulates that the Company shall not be responsible save for its own neglect of duty, and that the liability of the Company to the holder hereof or his legal representatives in case of accident resulting in death or physical disability, in any event, and under any circumstances, is limited as follows: Class A Contract, (Minimum Rate) Maximum Liability, $5,000.00, Class B Contract, (Double Rate) Maximum Liability, $10,000.00, Class C Contract, (Triple Rate) Maximum Liability, $15,000.00.

" Company's ticket agents are provided with all three forms of contract. This is a Class ' A ' Contract.

\*  \*  \*  \*  \*  \*  \*

" The Holder Hereof Has Read and Accepted The Foregoing Conditions Of Passage.

" A. V. CONKLIN,

" signature of holder

" 1441 Broadway, N. Y. C.

" Address.

" For the Company

" TRUMAN SEWALL

" *General Traffic Manager*

" M. A. KRUEGER

" *Issuing Agent.*"

The carrier did not give to the purchaser the choice of buying a ticket which would allow recovery in case of injury from negligence or of obtaining for a less price passage, upon releasing or limiting liability. He was given no choice, other than a limited liability in case of injury or death.

This court said, in *Straus & Co.* v. *Canadian Pacific Ry. Co.* (254 N. Y. 407, 414): " The progressive enactments of the Legislature in this State during comparatively recent years have been so pronounced and fundamental that there can be no doubt that it has deliberately reached the conclusion, contrary to the early decisions, that to allow public service corporations by contract to absolutely exempt themselves from liability for negligence is opposed to the best interest of the citizens of the State." While this has reference to the carriage of goods, the principle applies equally to the transportation of persons.

The weight of authority throughout this country in both State and Federal courts is against the legality of common carriers absolutely exempting themselves from liability for negligence in the carriage of either goods or persons. (*Railroad Co.* v. *Lockwood*, 17 Wall. [U. S.] 357.) Where one is carried gratuitously, however, the stipu-

lation contained in the pass, exempting the carrier from liability in case of injury through negligence, has been held valid. (*Charleston & Western Carolina Ry. Co.* v. *Thompson*, 234 U. S. 576; *Boering* v. *Chesapeake Beach Ry. Co.*, 193 U. S. 442; *Northern Pacific Ry. Co.* v. *Adams*, 192 U. S. 440. See, also, *Santa Fe, Prescott & Phœnix Ry. Co.* v. *Grant Bros. Constr. Co.*, 228 U. S. 177, 184, 185.) As applicable to an airplane journey, the Circuit Court of Appeals for the Third Circuit, in *Curtiss-Wright Flying Service* v. *Glose* (66 Fed. Rep. [2d] 710; certiorari denied, 290 U. S. 696) held that the carrier could not even limit the amount of its liability for negligence. The cases from the various States which have held to the like rule with the Federal authorities are collected in the article on Carriers found in 10 Corpus Juris at page 153, section 193 and following.

The decisions in this State relied on by the appellant (*Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y. 442; *Ulrich* v. *N. Y. C. & H. R. R. R. Co.*, 108 N. Y. 80; *Seybolt* v. *N. Y., Lake Erie & Western R. R. Co.*, 95 N. Y. 562, and *Anderson* v. *Erie R. R. Co.*, 223 N. Y. 277) either involved free passage or else contracts to exempt the carrier from liability for negligence in consideration of a reduced fare. There was always left the voluntary choice to the passenger of obtaining full or limited liability. That this element of choice has been a material element in the opinion of this court, see *Kilthau* v. *International Mercantile Marine Co.* (245 N. Y. 361); *Burke* v. *Union Pacific R. R. Co.* (226 N. Y. 534).

As a general rule the place of the wrong is in the State where the last event necessary to make an actor liable for an alleged tort takes place. (American Law Institute, Proposed Restatement, Conflict of Laws, chap. 9.) The accident occurred in New Jersey. The law of the State of New York, however, governs this case. The validity of a stipulation in a contract for the transportation of persons or property from one State to another limiting the carrier's

common law liability is to be determined by the law of the place where the contract was made and the transportation commenced, without reference to the law of the place of destination. (*Fish* v. *Delaware, L. & W. R. R. Co.*, 211 N. Y. 374, 383.)

We, therefore, conclude that there was no error in the rulings of the trial court upon this alleged contract.

The judgment should be affirmed, with costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgment affirmed.