**KOPPERS CONNECTICUT COKE CO. v. JAMES McWILLIAMS BLUE LINE, Inc.**

No. 362.

Circuit Court of Appeals, Second Circuit.

May 10, 1937.

Macklin, Brown, Lanahan & Speer, of New York City (Horace L. Cheyney, Richard F. Lenahan, and Leo A. Hanan, all of New York City, of counsel)', for appellant.

Platow, Lyon & Stebbins, of New York City (Leo J. Curren, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents only the question whether section 3 of the Harter Act (46 U. S.C.A. § 192) is applicable to the owner of a vessel transporting merchandise as a private carrier when the contract of carriage contains no reference to the act.

The facts were stipulated. James McWilliams Blue Line, Inc., the respondent, orally agreed with Koppers Connecticut Coke Company, the libelant, to carry a cargo of coke from New Haven, Conn., to Brooklyn, N. Y., upon the respondent's barge Blue Crest at a stated rate per gross ton. After the libelant's coke was laden, the master of the barge issued a bill of lading in customary form. No other cargo was laden upon the Blue Crest, and the re-

spondent was a private carrier in the carriage of the libelant's coke. Neither the oral contract nor the bill of lading contained any reference to the Harter Act (46 U.S.C.A. § 190 et seq.). The barge was taken in tow by the respondent's tug, and in the course of the voyage sustained, through the tug's negligence, a collision that resulted in damage to the coke. Both vessels were in all respects seaworthy and were properly manned, equipped, and supplied. The District Court entered a decree for the libelant, from which the respondent has appealed.

 The exemption from liability granted by section 3 of the Harter Act (46 U.S.C.A. § 192) is conditioned upon the exercise of due diligence by "the owner of any vessel transporting merchandise or property to or from any port in the United States." Verbally this language is broad enough to include private carriers by water as well as common carriers. But the words of a statute are not to be read in vacuo; all the sections of the act must be studied together and the words must be interpreted in the light of the purpose of the legislation. The Delaware, 161 U.S. 459, 470–474, 16 S.Ct. 516, 40 L.Ed. 771; Knott v. Botany Worsted Mills, 179 U.S. 69, 71–73, 21 S.Ct. 30, 45 L. Ed. 90; The Jason, 225 U.S. 32, 49–51, 32 S.Ct. 560, 56 L.Ed. 969. As these opinions indicate, Congress enacted the Harter Act to remedy abuses which had arisen through the efforts of shipowners engaged in common carriage to limit unreasonably their obligations as carriers of goods. Sections 1 and 2 (46 U.S.C.A. §§ 190, 191, forbid them to relieve themselves from certain responsibilities incident to their public calling, even by contract with the shippers; while section 3 (46 U.S.C.A. § 192) permits them in certain other respects, upon fulfilling specified conditions, to be relieved of responsibility even without an express contract to that effect; and section 4 (46 U.S. C.A. § 193) makes it the duty of the owner, master, or agent of any vessel transporting merchandise to issue to the shipper a bill of lading. The policy declared in sections 1, 2, and 4 is plainly inapplicable to private carriers. As part of the same statute, section 3 must likewise be confined to common carriers. In private carriage carrier and shipper may make such terms as they can agree upon. As this court recently declared in The Westmoreland, 86 F.(2d) 96, at page 97:

"The charter, being for the whole barge, made her a private carrier and left the parties free to contract as they chose. The Fri, 154 F. 333 (C.C.A.2); The G. R. Crowe, 294 F. 506 (C.C.A.2); The Elizabeth Edwards, 27 F.(2d) 747 (C.C.A.2); The Nat Sutton, 62 F.(2d) 787, 789 (C.C.A.2). Thus the Harter Act was relevant only because the parties incorporated it."

 It is urged by the appellant that The Westmoreland and the authorities therein cited contain only dicta on the subject of the applicability of section 3 to contracts of private carriage. Whether dicta or decision, they correctly state the law. By express reference section 3 may be incorporated into a contract of private carriage. Warner Sugar Refining Co. v. Munson S. S. Line, 23 F.(2d) 194 (D.C.S.D.N.Y.), affirmed (C.C.A.) 32 F.(2d) 1021. Without such express reference it is no more to be read into the contract than are sections 1 and 2. Tice Towing Line v. James McWilliams Blue Line, 51 F.(2d) 243, 246 (D. C.S.D.N.Y.) modified on another point in (C.C.A.) 57 F.(2d) 183; contra, The Alberta M., 60 F.(2d) 154 (D.C.E.D.N.Y.). Judge Inch was correct in refusing to follow the case last mentioned.

Decree affirmed.