**BARNDT v. DET BERGENSKE DAMP-SKIBSSELSKAB.**

District Court, S. D. New York.

Aug. 12, 1938.

Burlingham, Veeder, Clark & Hupper, of New York City, for plaintiff.

Hatch & Wolfe, of New York City, for defendant.

CLANCY, District Judge.

The plaintiff, a resident of New York, purchased at the New York office of the defendant, a Norwegian corporation, a ticket for passage on its steamship Venus, operated as a common carrier by the defendant between Bergen, Norway, and Newcastle, England. On the trip between these ports the plaintiff was injured. He claims the injuries were caused by the defendant's negligence and sues for damages. Among other defenses the answer sets up a clause in the ticket reading:

"Conditions and Regulations under which this Coupon is issued by the Companies and accepted by the passenger:—

"* * * The Companies will not be responsible for * * * any loss of life, detention or injury to passengers, * * * arising from the act of God, * * * risk of craft, * * * perils of the sea, rivers or navigation of whatsoever nature or kind, notwithstanding that any of the matters mentioned in this clause may have been caused by the negligence, default or error in judgment of the pilot, master, mariners or others of the crew, or other servants or agents of the owners in the navigation of the ship, craft, cargo or passengers, * * * or otherwise howsoever.

"All questions arising out of this Coupon shall be decided according to Norwegian Law."

This agreement, it is alleged, is valid under the laws of Norway.

The plaintiff's motion to strike out this defense is resisted by the defendant on its claim that the public policy of the State of New York permits the limitation of liability by agreement effected by the clause transcribed above and that under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, this court cannot enforce the public

policy of the United States, announced in Oceanic Steam Nav. Co. v. Corcoran, 2 Cir., 9 F.2d 724, 57 A.L.R. 163, on which the plaintiff relies.

In Straus & Co. v. Canadian Pacific Ry. Co., 254 N.Y. 407, 173 N.E. 564, the plaintiff sued for the value of merchandise stolen or lost while in defendant's warehouse while at Shanghai. The defendant had issued its bill of lading apparently at Shanghai for carriage of the merchandise via Vancouver to New York City. It was held by the New York Court of Appeals that the public policy of New York State forbade enforcement of a clause found in the bill of lading which limited liability for theft or negligence of the defendant's servants. The defendant holds that this decision must be constricted to its own facts as it is a development of a change of public policy of New York State from that which earlier approved clauses limiting liability. It makes this contention despite the decision in Conklin v. Canadian-Colonial Airways, Inc., 266 N.Y. 244, 194 N.E. 692, where the same New York court applied the same rule to a contract made in New York for an interstate carriage of a person that began in New York. It is this court's opinion that it might fairly be deduced from the Conklin decision that the courts of this state are inclined to extend the application of its present public policy to meet and include the facts of other cases as they are presented.

But whether this be so or whether the present public policy of New York State is to be determined by the nice construction of the Straus decision, supra, for which the defendant asks is really unimportant here. The Straus case had to do with a loss of goods in Shanghai. The case before this court presents an injury to the person suffered on the high seas. The rights of the plaintiff and the duty to him of the defendant arise from his status as a passenger which is established by the contract of carriage of which the limitation clause is part. The nature of this entire contract between the parties to this suit is what determines whether it is one of admiralty jurisdiction. Obviously the contract is wholly maritime and properly of admiralty jurisdiction. The Moses Taylor, 4 Wall. 411, 18 L.Ed. 397. The admiralty law is the only law which determines whether or not the contract limitation of liability is valid. This law is announced by the courts of the United States and is found in Oceanic Steam Nav. Co. v. Corcoran, supra, which invalidates the limitation clause set up in the answer and holds it illegal and void. The plaintiff seeks a common law remedy but it is the admiralty law that determines his rights and those of the defendant. Moses Taylor, supra; Chelentis v. Luckenbach SS Co., 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171; Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748; Union Fish Co. v. Erickson, 248 U.S. 308, 39 S. Ct. 112, 63 L.Ed. 261.

Motion granted.