## MOORE v. AMERICAN SCANTIC LINE, Inc.

District Court, S. D. New York.
Oct. 9, 1939.

Bigham, Englar, Jones & Houston, of New York City (John L. Quinlan, of New York City, of counsel), for plaintiff.

Hunt, Hill & Betts, of New York City, (Geo. Whitefield Betts, Jr., Frank J. Zito, and Helen F. Tuohy, all of New York City, of counsel), for defendant.

844

CONGER, District Judge.

The above action has been brought by the plaintiff, to recover for personal injuries suffered by him aboard the defendant's vessel, while he was traveling thereon as a passenger. The defendant, in his answer, denies any allegations of negligence or defective condition and sets up four affirmative defenses, two of which are in issue here.

The plaintiff has moved to strike out these two affirmative defenses, namely, the second and third.

It will not be necessary to set forth in full the details of these defenses. They have to do with the provisions of the ticket or agreement issued for the carriage of the plaintiff and constituting the contract between the plaintiff and the defendant, in and by which the plaintiff carrier attempts to limit its liability for injury to the passenger from all liability for injury to the passenger by reason of the defendant's neglect or default or by reason of the neglect or default of its employees (Second separate and distinct defense). Further, that the defendant is not liable because the plaintiff did not comply with the terms of the ticket constituting the contract between the plaintiff and the defendant in that he failed to give notice of claim in writing within forty days after the landing of the passenger from the steamer, and that he did not begin suit within six months after the passenger left the steamer (Third separate and distinct defense).

The plaintiff left the vessel on August 13, 1936. The written notice of claim was not served within forty days, as required by paragraph 12 of the provisions and terms printed on said ticket. Suit was not commenced until August 6, 1937, which was not within the limitation contained in the said provision of said ticket, but beyond it.

This motion, therefore, brings up for review the legality and the validity of the aforesaid provisions, limitations and restrictions contained and printed on the ticket or contract of carriage of the plaintiff. If they are valid and legal, then under the second separate defense, the defendant is not liable for its negligence or the negligence of its servants; and also under the third separate defense, claim not having been served within forty days, suit not having been commenced within six months, the plaintiff cannot maintain this action.

Plaintiff contends that the limitation and restriction contained in the ticket and contract of carriage, set forth in the second defense, and which attempts to exempt the defendant from liability to a passenger for injuries, even though caused by the defendant's negligence or the negligence of its employees, is not a good defense, because it is contrary to Section 183c of Title 46 of the United States Code Annotated, it being also Section 4283B of the Revised Statutes of the United States. This reads as follows: "It shall be unlawful for the manager, agent, master, or owner of any vessel transporting passengers between ports of the United States or between any such port and a foreign port to insert in any rule, regulation, contract, or agreement any provision or limitation (1) purporting, in the event of loss of life or bodily injury arising from the negligence or fault of such owner or his servants, to relieve such owner, master, or agent from liability, or from liability beyond any stipulated amount, for such loss or injury, or (2) purporting in such event to lessen, weaken, or avoid the right of any claimant to a trial by court of competent jurisdiction on the question of liability for such loss or injury, or the measure of damages therefor. All such provisions or limitations contained in any such rule, regulation, contract, or agreement are hereby declared to be against public policy and shall be null and void and of no effect."

Plaintiff also contends that the provision of the ticket and contract of carriage which provides that the claim shall be filed within forty days and suit commenced within six months is not valid because it is contrary to provisions of Section 183b of Title 46 of United States Code Annotated, being also Section 4283a of the Revised Statutes of the United States. This reads as follows:

"(a) It shall be unlawful for the manager, agent, master, or owner of any seagoing vessel (other than tugs, barges, fishing vessels and their tenders) transporting passengers or merchandise or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institu-

tion of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred.

"(b) Failure to give such notice, where lawfully prescribed in such contract, shall not bar any such claim—

"(1) If the owner or master of the vessel or his agent had knowledge of the injury, damage, or loss and the court determines that the owner has not been prejudiced by the failure to give such notice; nor

"(2) If the court excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor

"(3) Unless objection to such failure is raised by the owner.

"(c) If a person who is entitled to recover on any such claim is mentally incompetent or a minor, or if the action is one for wrongful death, any lawful limitation of time prescribed in such contract shall not be applicable so long as no legal representative has been appointed for such incompetent, minor, or decedent's estate, but shall be applicable from the date of the appointment of such legal representative: Provided, however, That such appointment be made within three years after the date of such death or injury."

The real question, therefore, is the applicability of the two aforesaid sections. Section 183b became a law on August 29, 1935; Section 183c became a law on June 5, 1936. Plaintiff's ticket was purchased and became effective on the 31st day of July, 1936, subsequent to the enactment of the last mentioned section. I have been unable to find, and the attorneys for the parties herein state that they have been unable to find, any cases which interpret or pass upon the effect and applicability of these two sections.

Defendant's main contention is that these sections apply only to proceedings for "limitation of liability", and that they are not applicable to this case.

▮▮▮ I am satisfied that the statutes above referred to are statutes of general import, enacted for the purpose of regulating the relationship between a common carrier of passengers and passengers with reference to duties, obligations, and restrictions of the carrier in connection with its issuance of tickets and its liability to passengers for safe passage thereunder. I am further convinced that these are not statutes of special import, applying only to "in limitation of liability proceedings". To give them this narrow meaning, it seems to me to be beyond the apparent scope and intent of these statutes, and would practically rob them of any meaning.

While there have been no decisions, as before stated, regarding the applicability of these sections, nevertheless, it seems clear that they are statutes of general import. They appear in the United States Code Annotated, under the title of "Shipping", and under the chapter title of "Limitation of Vessel Owner's Liability". I do not regard this as inconsistent with my ruling; neither do I regard that their arrangement thereunder creates any inference or presumption of any legislative intent to limit their liability to "proceedings in limitation".

In this connection, I refer to Section 190 of this same chapter; Section 190 is known as the Harter Act. It follows Section 189 which is headed "Limitation of liability of owners of vessels for debts". This section (the Harter Act) prohibits a carrier of goods from inserting in a bill of lading, any provision which relieves it from liability for loss or damage arising from negligence. It is a similar statute to Section 183c. I find that this section (§ 190) has been passed upon many times by the courts, and its application is not confined, and never has been confined, to proceedings in limitation of liability.

In reference to the interpretation of Section 190, it might be well to refer to the case of Koppers Connecticut Coke Company v. James McWilliams Blue Line, Inc., 2 Cir., 89 F.2d 865, 866, wherein the Court stated: "As these opinions indicate, Congress enacted the Harter Act to remedy abuses which had arisen through the efforts of shipowners engaged in common carriage to limit unreasonably their obligations as carriers of goods." This might very well be said of the acts of Congress here in question, except that these acts refer to "living" cargoes.

▮▮▮ I am not unmindful of the decisions, both of the United States courts, and particularly of the highest court of the State of New York, which have been quoted to me by the attorneys for the defendant, wherein these courts have stated that contracts between a common carrier and a passenger, contracts of carriage

wherein the passenger has exempted the carrier from the result of negligence by reason of a reduction in fare or because of a pass, are not contrary to public policy.

The plaintiff claims that that question has not been properly raised here by the pleadings, but has been raised only in an affidavit. However, I am assuming, as stated by the defendant, in affidavit form on this motion, that the passenger in this case received a special rate, a reduced rate, and that by reason thereof, this ticket with these regulations was issued to him.

There are many cases which say that this agreement made between passenger and carrier is not contrary to public policy, but in all of the cases which I have examined on this point, I find no statutory prohibition against such contract of carriage. As has been very well stated by one of the judges of this District, in Stevens v. Colombian Mail S. S. Corporation et al., D.C., 15 F.Supp. 534, 535, "Public policy is found in the law laid down in legislative enactment or in the law laid down in decisions of the courts, * * *". So here, while it may be argued that, heretofore, public policy, as laid down by the decisions of the courts, was in favor of these contracts of carriage, nevertheless, a public policy has been inaugurated by law, by Congress in the passage of the above acts.

There has been a growing tendency during the years to limit provisions of this character in contracts of carriage. In 1925, in the case of Oceanic Steam Navigation Company v. Corcoran, 2 Cir., 9 F.2d 724, 727, 57 A.L.R. 163, the Court there stated: "The courts of the United States recognize the fact that a common carrier and his customer do not stand upon a footing of equality, and that the individual customer has no real freedom of choice. 'He cannot afford to higgle or stand out.' He prefers to accept any bill of lading the carrier tenders him, for in many cases he has no alternative; and it is against the policy of the law to allow a public carrier to abandon its obligations to the public by stipulating for exemptions which are unreasonable, and which excuse it from negligence in the performance of its duty."

Still later, in 1935, the Court of Appeals of the State of New York, in the case of Conklin v. Canadian-Colonial Airways, Inc., 266 N.Y. 244, 194 N.E. 692, 693, stated: "The weight of authority throughout this country in both state and federal courts is against the legality of common carriers absolutely exempting themselves from liability for negligence in the carriage of either goods or persons."

As one author stated (Robinson on Admiralty, (1939) p. 557), referring to several of the New York cases cited by the defendant herein:

"This, however, seems to be a New York idiosyncrasy and it cannot be said that limitation of liability to a passenger can be achieved by offering a choice of rates as in the cargo cases. Since the carrier's liability if it exists at all is based on the carrier's negligence the contract collides with the same public policy which barred contracts limiting liability for negligence in the case of cargo injury. There is in addition the makeweight that the contract here described seeks to 'fritter away' a responsibility for human limb and life. The public policy is therefore strong indeed.

"So strong is it that in June 1936 Congress provided that 'It shall be unlawful for the manager, (etc.) * * *'" (then follows a resume of Section 183c).

Beyond all this, Congress, by the enactment of these sections, and particularly the section known as Revised Statute, § 4283B, enacted June 5, 1936, 46 U.S.C.A. § 183c, absolutely declares such a contract of carriage as is here before the Court "to be against public policy"

■ The defendant contends that Section 183c (46 U.S.C.A. § 183c) has to do solely with limitations as to amount. However, a reading of the section clearly indicates that not only is it a limitation as to amount, but that it makes it unlawful for the manager, etc., of any vessel "transporting passengers between ports of the United States or between any such port and a foreign port to insert in any rule, regulation, contract, or agreement any provision or limitation, * * * (2) purporting in such event to lessen, weaken, or avoid the right of any claimant to a trial by court of competent jurisdiction on the question of liability for such loss or injury * * *". As applied to this case, I feel, after taking out verbiage which is not applicable to the facts of this case, that is what that section actually means, in addition to the limitation of liability as to amount.

■ What I have hereinbefore set forth applies with equal force and effect

to both sections, to wit, Section 183c and Section 183b, with this exception; that courts have recognized that a common carrier by water may legally enter into a contract with a shipper limiting the time within which an action may be commenced to recover damages growing out of the negligence of the carrier to a period shorter than provided by the applicable Statute of Limitations, and that the same are not against public policy, provided that the limitation of time in such contracts of carriage for giving notice of injury and filing claims and commencing suit are just, fair and reasonable. What has been held to be reasonable, just and fair, has varied in the decisions, according to the circumstances, but in enacting Section 183b, the Congress has created a new public policy as to what it thinks to be reasonable, just and fair. It has arbitrarily set a period of time within which a notice must be given, and arbitrarily set a period of time within which suit must be commenced.

For the reasons above given, I find that the two defenses set forth in the answer, to wit, the second and third defenses, are not proper defenses, and should therefore be struck out.

Motion of the plaintiff is granted, and the cross-motion for judgment on the pleadings is denied. Settle order on notice.