226

BURSTEIN et al. v. UNITED STATES
LINES CO.

District Court, S. D. New York.
Jan. 16, 1942.

Saul Sperling, of New York City, for plaintiffs.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City, for defendant.

CLANCY, District Judge.

One plaintiff claims she was injured on the S. S. Washington on August 21st, 1940, while the vessel was returning from Los Angeles to New York, where it arrived on August 27th. Her husband claims a cause of action for loss of services and medical expenses. The defendant has set up as a defense a clause in the ticket requiring notice of any claim within fifteen days after the passenger landed unless it be such a claim as is included within the language of 46 U.S.C.A. § 183b. The same clause requires that suit be brought within six months after landing unless it be for a loss not included within the language of the same section. The action was instituted on May 7, 1941. Failure to timely institute action is alleged as an additional defense. plaintiff moves to strike out both defenses and defendant moves for summary judgment on the latter defense.

The language of R.S. § 4283A(a), 46 U.S.C.A. § 183b, forbids owners of seagoing vessels transporting passengers "from or between ports of the United States and foreign ports" to require notice of claim within a shorter period than six months or to provide a shorter limitation upon institution of suit than one year.

Defendant argues that this language requires a construction excluding ships in transit between ports of the United States, but we cannot agree. It is true that the same Congress, the following year, in enacting R.S. 4283B, 46 U.S.C.A. § 183c, used the more precise phrase: "between ports of the United States or between any such port and a foreign port" and, when it wished to define foreign trade, said it was

"transportation of goods between the ports of the United States and ports of foreign countries." 46 U.S.C.A. § 1312. But we cannot argue from this that ships trading between domestic ports were excluded when R.S. § 4283A(a) was enacted.

The phraseology of the Statute is inartistic and attempts to analyze its language may be thought confusing. But the fact that both prepositions "from" and "between" are employed indicates that neither one alone was thought in the context of the phrase to satisfy the legislative intention. The use of the disjunctive particle confirms the conclusion that something more than foreign voyages were considered. Sections 183 and 183a were part of the same enactment which passed both Senate and House without discussion, Congressional Record, August 22, 1935, at page 14109 and August 23, 1935, at page 14330, but the proponents of the enactment made it clear that it was intended to remedy the situation in which those injured on the Morro Castle found themselves. The enactment was treated in both Senate and House, as appears from the introductory statement of the members in charge, as a badly needed amendment to the Limitation of Liability Act which always included ships between our own ports for the benefit of claimants for damages and we construe the whole phrase involved in this decision as an entity and that phrase against the background and as part of the whole Act. The Statute enunciates a public policy, Moore v. American Scantic Line, D.C., 30 F.Supp. 843, and we can recognize no reason for limiting its application to foreign voyages.

The husband's action for loss of services and medical expenses presents a different question. That action is for a personal injury, General Construction Law, 37-a, but the language incorporated in the Statute "claims for * * * bodily injury" cannot be made to include it.

We will, therefore, grant the motion for summary judgment sustaining the fourth defense against the husband's action for loss of services and medical expenses and otherwise deny it, and grant the plaintiff's motion to strike out the fourth defense in the wife's action.

Whether or not proper notice was served is a matter we are unable to decide on the moving papers. Plaintiff's motion to dismiss the third defense is, therefore, denied.