**WITTE et al. v. N. V. NEDERLANDSCH AMERIKAANSCHE STOOMVAART MAATSCHAPPIAJ et al.**

Civil Action 337–49.

United States District Court
D. New Jersey.

April 5, 1951.

David Cohn, Paterson, N. J., for plaintiffs.

O'Mara, Conway & Schumann, Jersey City, N. J., for defendants, by Gerald F. O'Mara, Jersey City, N. J.

FAKE, District Judge.

This suit was commenced in the state court, and removed here on the ground of diversity of citizenship. The issues now before the court arise on motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion is based upon the pleadings and unanswered requests for admissions.

It appears that one of the defendants named in the complaint, Adriaan Roggeveen, by name, is a resident of the State of New Jersey as are the plaintiffs. The verified petition for removal, however, alleges that the said Roggeveen has been fraudulently joined as a party defendant to deprive petitioners of their right to remove the cause to this court, asserting that Roggeveen while employed by petitioner had no duties in connection with the navigation of the vessel referred to in the complaint and was not aboard of her at the times complained of: That actually he was employed as the operating manager of its piers in Hoboken. The petition further avers that one, Siebe Vlietstra, was not concerned with navigation, was fraudulently joined as defendant, was not served with process, and resides in Holland.

Under the ruling in Morris v. E. I. Du Pont de Nemours & Co., 8 Cir., 68 F.2d 788, prior to the present practice, the state court was bound to accept the foregoing statements in the petition as true. Removal being thus effected by petition filed in the state court, this court also accepted the statements as true, unless on motion to remand, plea, or answer, plaintiffs take issue with the statements and no such issue is joined here. The change in procedure requiring the filing of the petition in this court makes no change in the substantive law involved.

It appears that the plaintiff, Jennette Witte, purchased a ticket from the defendant, Holland American Line, and took pas-

486

sage on the "S. S. Nieuw Amsterdam" bound for Rotterdam. While standing at the bar on "A" deck of said vessel on the 8th day of February, 1948, she was struck and injured by a large metal beer barrel, which had been negligently fastened so it became dislodged by the action of the ship, causing the alleged injury.

Suit was commenced in the state court on April 4, 1949, and an answer was filed in this court on May 13, 1949.

It stands uncontradicted on the face of the record that the contract of passage, as evidenced by the ticket, contained the following paragraph:

"14. Notwithstanding other limitation by law or that the Line may be a foreign corporation or a nonresident, no suit shall be maintainable in any jurisdiction nor shall the Line be liable for damages for delay, loss of or damage or injury to person or baggage or other property, death, assault, or any claim whatsoever, unless written notice of claim is delivered to the Line not later than 30 days after the claim arose and suit is commenced not later than 6 months after the claim arose; provided, however, that in any case where section 4283-A of the United States Revised Statutes [46 U.S.C.A. § 183b] shall apply, no suit shall be maintainable for loss of life or bodily injury unless written notice of claim is delivered to the Line not later than 6 months and suit is commenced not later than 1 year, computed from the day when the death or injury occurred."

■ It is now well established that the provisions set forth in paragraph #14 above are contractual and as such binding upon the parties, and while the action here is founded upon the common law and seeks a common law remedy, plaintiffs' right to relief is based upon the Admiralty law, see Barndt v. Det Bergenske Dampskibsselskab, D.C., 28 F.Supp. 815, 816, where the court holds: "The case before this court presents an injury to the person suffered on the high seas. The rights of the plaintiff and the duty to him of the defendant arise from his status as a passenger which is established by the contract of carriage of which the limitation clause is part. The nature of this entire contract between the parties to this suit is what determines whether it is one of admiralty jurisdiction. Obviously the contract is wholly maritime and properly of admiralty jurisdiction. The Moses Taylor, 4 Wall. 411, 18 L.Ed. 397. The admiralty law is the only law which determines whether or not the contract limitation of liability is valid. This law is announced by the courts of the United States * * *. The plaintiff seeks a common law remedy but it is the admiralty law that determines his rights and those of the defendant." (citing cases.)

The case of Scheibel v. Agwilines, Inc., 2 Cir., 1946, 156 F.2d 636, 638, is authority for the supremacy of the federal over the state statute of limitations. The court there says,

"Section 183b, although added in 1935, is an integral part of Title 46, Chapter 8 entitled 'Limitation of Vessel Owner's Liability.' This chapter provides a comprehensive body of regulations declaratory of federal policy with respect to the specific matters with which they deal. * * * The purpose of these provisions was to encourage shipbuilding and they should be liberally construed in the ship-owner's favor. Coryell v. Phipps, 317 U.S. 406, 411, 63 S.Ct. 291, 87 L.Ed. 363; The Chickie, 3 Cir., 141 F.2d 80, 85. Read in this context, section 183b is not, as the appellant argues, an isolated enactment whose negative language should be narrowly construed, but is a declaration of Congressional policy as to lawful contractual time limitations and one which in the interest of uniformity should be construed to exclude state statutes of limitation."

■ In view of the foregoing, the conclusion here is that plaintiff's failure to comply with the time limit set forth in paragraph 14 of the contract of passage precludes relief.

The motion to dismiss the complaint is granted.