**Joseph E. PIERROTTIE, Plaintiff,**

v.

**DELL PUBLICATIONS CO., Inc., Defendant.**

United States District Court
S. D. New York.
Dec. 1, 1961.

---

Speiser, Quinn & O'Brien, New York City, for plaintiff; Jules M. Goldstein, New York City, of counsel.

Richard T. Gallen, New York City, for defendant.

THOMAS F. MURPHY, District Judge.

Plaintiff, a resident of Louisiana, invoking diversity jurisdiction, brings suit against defendant, a New York corporation having its principal place of business outside Louisiana, for an alleged invasion of his privacy under § 51 of the New York Civil Rights Law, McKinney's Consol.Laws, c. 6.[1] He alleges

that in the August, 1959, issue of defendant's magazine "Inside Detective," defendant published his photograph over the name of someone else, a person described as a murder victim in the article to which the photograph is appended. He further alleges that the August, 1959, issue of "Inside Detective" was sold and circulated "in the States of New York and Louisiana and elsewhere."

Before answer, defendant brought on this motion to dismiss pursuant to Rule 12(b) (6), F.R.Civ.P., 28 U.S.C.A., upon two separate grounds. The first part of defendant's motion to dismiss is upon the ground that the claim asserted by plaintiff under the Civil Rights Law of New York, § 51, fails to state a claim upon which relief can be granted because application of that statute in this case "would be contrary to the conflict of law rule in this forum." The very confused argument is, that since plaintiff is a resident of the State of Louisiana and is not alleged to be well-known outside Louisiana, and since that must be the place of injury to him from the alleged invasion of his privacy, and the place with which he is most closely connected and has his most significant social contacts, that therefore the conflicts rule of New York calls for the application of Louisiana law and consequently, plaintiff's first claim, which is predicated solely upon the New York statute, should be dismissed. In support of the argument defendant relies, *inter alia,* upon a case in this circuit involving a libel claim in which the court chose the substantive law of the plaintiff's domicile as the law applicable to the issue of damages. Mattox v. News Syndicate Co., 176 F.2d 897, 12 A.L.R. 2d 988 (2d Cir., 1949).

Defendant's confusion is rooted in its preoccupation with the problem of multistate publications in defamation suits, (a confused area of the law to begin

1. The statute, in pertinent part, reads: "Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without [such person's] writ-

ten consent * * * may * * * sue and recover damages for any injuries sustained by reason of such use * * *." By stipulation, a separate claim sounding in libel was discontinued with prejudice.

with)[2] especially the problem of damages, with the problem of "forum shopping," and in its misreading of the New York Civil Rights statute and the cases construing it. Section 51 literally would give this plaintiff a right of action if, according to the allegations of the complaint which we must assume to be true, his photograph was "used" in this state without his consent for purposes of advertisement or trade. And in such action plaintiff would be entitled to recover damages "for any injuries sustained *by reason of such use*," i. e., the injuries for which damages are sought must be shown to be causally related to the use of his photograph within this state as proscribed by § 51. The cases have held expressly that the statute is not limited to New York residents. Jackson v. Consumer Publications, Inc., 169 Misc. 1022, 10 N.Y.S.2d 691, aff'd 256 App.Div. 965, 10 N.Y.S.2d 694; Hill v. Hayes, 27 Misc.2d 863, 207 N.Y.S. 2d 901, aff'd 13 A.D.2d 954, 216 N.Y.S. 2d 497; cf. Gautier v. Pro-Football, Inc., 278 App.Div. 431, 106 N.Y.S.2d 553, aff'd 107 N.E.2d 485, 304 N.Y. 354, and no good reason appears to warrant an interpretation that would confine the statute's applicability to "well-known" non-residents. Cf. Donahue v. Warner Bros. Pictures, 194 F.2d 6, 15 (10th Cir., 1952—concurring opinion).

Defendant's contention with respect to a New York conflicts rule is premised upon the assumption that a New York State Court would look to the substantive law of another state to determine whether plaintiff had a cause of action for invasion of his privacy, notwithstanding the complaint was bottomed solely on the New York statute. No state court decision is cited in support of that contention, cf. Banks v. King Features Syndicate, 30 F.Supp. 352 (S. D.N.Y., 1939), and we doubt seriously its soundness.

[1] Although defendant's argument is made in terms of "choice of law," in the end it boils down to the bare contention that plaintiff is not entitled to maintain a suit under the New York Civil Rights statute. Plaintiff's claim for invasion of privacy is made expressly under the New York Statute and in his brief he asserts that there is no problem of conflicts as raised by defendant inasmuch as the tort sued upon "is not a multi-state tort, but is, in this action at least, a tort committed within the State of New York and subject to the laws of the State of New York." Accordingly, it is manifest that plaintiff's case stands or falls on the New York Statute, and his recovery of damages, if he be successful, will be limited to that afforded by that statute. We must concede, however, that an uncritical and cursory reading of the complaint might have left defendant with the impression that plaintiff sought damages for the publication or use of his photograph without the State of New York as well. This, as we have seen, is not the case. In our opinion the complaint states a claim under § 51 of the Civil Rights Law for damages arising out of the "use" in New York State of plaintiff's photograph as alleged therein. It needs only to be proven by competent evidence. This branch of the motion is accordingly denied.

■ The second part of the motion in effect requires a judicial determination that the use of plaintiff's photograph by defendant was not, as a matter of law, "for advertising purposes or for purposes of trade." Whether we consider this contention from the standpoint of failure to state a claim or view it as on a motion for summary judgment we reach the same result and must deny the motion. The situation here involves the publication of plaintiff's photograph in defendant's magazine over the name of a murder victim described in the accompanying article and totally unrelated to plaintiff. And whether such use was deliberate or inadvertent as defendant claims in its brief we cannot now resolve. In any

---

2. Dale Systems, Inc. v. General Teleradio, Inc., 105 F.Supp. 745 (S.D.N.Y., 1952).

event, the cases cited by defendant in support of its contention, with one exception, do not meet the situation here, and that one case in point looks in plaintiff's direction. See Martin v. New Metropolitan Fiction, 139 Misc. 290, 248 N.Y.S. 359, aff'd 234 App.Div. 904, 254 N.Y.S. 1015, judgment for plaintiff after trial reversed, App.Div., 260 N.Y.S. 972. See also Thompson v. Close-Up, Inc., 277 App.Div. 848, 98 N.Y.S.2d 300. To our mind the Martin and Thompson cases preclude defendant's success at this juncture.

Motion denied.

These are orders. No settlements are necessary.