JOHN FEATHERS et al., Appellants, *v.* ELIZABETH McLUCAS, as Administratrix of the Estate of ROBERT J. McLUCAS, Deceased, et al., Defendants, and DARBY CORPORATION, Respondent.

Third Department, July 21, 1964.

*William H. Ivimey* for appellants.

*Dugan, Casey, Burke & Lyons* (*William J. Pentak* of counsel), for respondent.

*Per Curiam.* The question presented on this appeal is whether personal jurisdiction of defendant, the Darby Corporation, incorporated under the laws of the State of Kansas, the pre-

liminary objection as to its misnomer having been withdrawn, was obtained under paragraph 2 of subdivision (a) of 302 CPLR by the service of the summons and complaint on its president in that State on September 4, 1963. Upon allegations that it had never engaged in any business activity and maintained no facilities for the conduct of such in this State respondent moved for an order setting aside the service and dismissing the complaint as to it on the ground that it was not amenable to the process of our courts. Special Term granted the motion and the plaintiffs have appealed.

On July 25, 1962 while en route from Pennsylvania to Vermont via the hamlet of Berlin in this State a tank trailer loaded with liquefied petroleum gas allegedly ruptured and exploded on a public highway located therein, as the result of which plaintiffs sustained the injuries and damages for which recoveries are sought on the theories of negligence and the breach of a warranty resulting in harm. The cargo vessel was owned by the defendant, E. Brooke Matlack, Inc., a Pennsylvania corporation and a licensed interstate carrier engaged in extensive transportational activities in various States including adjacent New York. It had been manufactured in 1956 by the defendant Darby at its plant in Kansas City under a contract with the defendant, Butler Manufacturing Co., which, upon delivery, mounted it on wheels and thereafter sold it to the defendant owner. Liability is asserted against Darby upon the predicate that the tank was faultily designed and defectively fabricated.

The newly enacted statute authorizes judicial jurisdiction over an absent nonresident defendant where a cause of action arises from the commission of a tortious act within the State. We think that in expanding the State's in personam jurisdiction over nondomiciliaries the Legislature did not intend to separate foreign wrongful acts from resulting forum consequences and that the acts complained of here can be said to have been committed in this State. (Restatement, Conflict of Laws 2d, Tentative Draft No. 3 [1956], § 91a; cf. *id.* § 84 incl. Comments; Ehrenzweig, Conflict of Laws, pp. 114–118; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.10; *Gray* v. *American Radiator & Std. Sanitary Corp.*, 22 Ill. 2d 432; *Conklin* v. *Canadian-Colonial Airways*, 266 N. Y. 244, 248.)

To satisfy the requirements of Federal due process a nonresident defendant must have such '' minimum contacts '' within the territory of the forum '' that the maintenance of the suit does not offend ' traditional notions of fair play and substantial justice ' '' and '' make it reasonable  *  *  *  to require the corporation to defend the particular suit which is brought there.

* * * Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." Jurisdiction of a State may be extended over a foreign corporation where " single or occasional acts * * * because of their nature and quality and the circumstances of their commission, may be deemed sufficient to render the corporation liable to suit " on causes of action arising therefrom. (*International Shoe Co.* v. *Washington,* 326 U. S. 310, 316–319; see, also, *Mc Gee* v. *International Life Ins. Co.,* 355 U. S. 220.) The single act statute has merely codified the minimum contacts test. The amount and kind of activities which must be carried on in the forum State to subject a nonresident defendant to its jurisdiction are to be determined by the facts of each case. (*Perkins* v. *Benguet Cons. Min. Co.,* 342 U. S. 437, 445; *International Shoe Co.* v. *Washington, supra.*)

The pressure tank with its load of flammable liquid was an instrumentality dangerous to life and property, if defectively constructed. The respondent for many years prior to the date of the accident had been engaged in the manufacture and sale of a variety of steel and steel-plated products on a Nationwide scale among which were vessels constructed for the transportation of petroleum products. The record demonstrates that it had knowledge that the instant tank was constructed for its ultimate consignee, a Pennsylvania domiciliary, and was intended for use in interstate commerce. In these times of modern transportation it is a fair inference that respondent, despite a lack of precise knowledge of the range and extent of defendant Matlack's activities, could be expected reasonably to foresee that its acts, if wrongful, might well have potential consequences in adjoining New York. The basic requirement of due process is thus achieved and personal jurisdiction over respondent has been acquired. (*Deveny* v. *Rheem Mfg. Co.,* 319 F. 2d 124; *Beck* v. *Spindler,* 256 Minn. 543; *Atkins* v. *Jones & Laughlin Steel Corp.,* 258 Minn. 571; *Smyth* v. *Twin State Improvement Corp.,* 116 Vt. 569; *Nelson* v. *Miller,* 11 Ill. 2d 378; *Nixon* v. *Cohn,* 62 Wn. [2d] 987; *Singer* v. *Walker,* 21 A D 2d 285; *Gray* v. *American Radiator & Std. Sanitary Corp.,* 22 Ill. 2d 432, *supra*; 2 Frumer and Friedman, Products Liability, § 45.02.)

In the circumstances of this case the statute (CPLR 302) has retroactive effect (*Simonson* v. *International Bank;* 14 N Y 2d 281). The inconvenience and expense of a trial in New York would seem not to place an undue burden on interstate commerce.

The order should be reversed, on the law and the facts, and motion denied, with $10 costs.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Order reversed, on the law and the facts, and motion denied, with $10 costs.