407 P.2d 948

**Vivian PHILLIPS, Appellant,**

v.

**ANCHOR HOCKING GLASS CORPORATION, an Ohio corporation, Appellee.***
**No. 1 CA–CIV 54.**

Court of Appeals of Arizona.
Nov. 24, 1965.
Rehearing Denied Dec. 22, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7839. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

McKesson, Renaud, Cook & Miller, by Joseph B. Miller, Sidney S. Pearce, Jr., Phoenix, for appellant.

Shimmel, Hill, Kleindienst & Bishop, by Richard A. Black, Phoenix, for appellee.

STEVENS, Chief Judge.

This is an appeal from the decree and judgment of the lower court granting the defendant-appellee's motion to dismiss plaintiff's complaint for want of jurisdiction.

On 13 December 1961, the plaintiff, Vivian Phillips, brought this action in the Superior Court of Maricopa County against Anchor Hocking Glass Corporation, for breach of express and implied warranties. In the complaint plaintiff alleged that she was injured when a baking dish manufactured by the defendant broke on 14 February 1960 while being used by her in her home in Phoenix, Arizona. The allegations of plaintiff's complaint established that the defendant was an Ohio corporation, that it did "business and maintains offices and effects in Lancaster, Ohio," and that plaintiff purchased one of the defendant's products from the defendant. The record is silent as to the place of purchase.

The defendant manufacturer was served by registered mail under the provisions of Rule 4(e) (2), as amended, of the Arizona Rules of Civil Procedure, 16 A.R.S. In part the rule reads as follows:

"4(e) (2) *Summons; personal service out of state.* When the defendant * * * is a corporation doing business in this state, or is a * * * corporation * * * which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state. * * *"

The plaintiff contended that the defendant caused an event to occur in this State out of which the claim which is the subject of the complaint arose.

The defendant filed a Motion to Dismiss for want of jurisdiction. An affidavit filed in conjunction with the defendant's motion to dismiss stated that as of the times alleged in the complaint and up to the date of the affidavit, the defendant had manufactured all of its products outside of the State of Arizona and had no real property, offices, manufacturing facilities, storage facilities, officers, agents, employees, or personal property of any nature in the State of Arizona. After various memoranda were filed and oral argument was held, the Superior Court dismissed plaintiff's complaint.

■ Plaintiff made no attempt to amend the original complaint. On appeal, she contends that the complaint is sufficient on its face to impose in personam jurisdiction over the defendant. Further plaintiff contends that if any jurisdictional defect did exist in the complaint the defect was cured by an affidavit dated 29 August 1962 and filed in connection with the plaintiff's supplemental memorandum in opposition to the defendant's motion to dismiss and that the affidavit must be read in conjunction with the complaint. The affidavit stated that one of the plaintiff's attorneys personally made an investigation in Phoenix and found an extremely large amount of Anchor Hocking glassware offered for sale in Phoenix, that upon information and belief Anchor Hocking is one of the largest manufacturers and producers of glassware and that said glassware is available for sale in all of the States of the Union, including the State of Arizona. This affidavit does not nor does it purport to relate to the defendant's business activities at the time the alleged injury occurred. It relates to facts as they existed over two years after the alleged injury and is of no avail in curing any jurisdictional defects in the complaint.

■ It is well established that in personam jurisdiction may be acquired by a state court over a nonresident corporate defendant, consistent with the Due Process Clause of the United States Constitution, where said defendant enjoys certain "minimum contacts" with the state, and where the acquisition of jurisdiction over the defendant does not offend traditional notions of "fair play and substantial justice". International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ In the instant case the only information before this Court is that which can be gleaned from the complaint and from the affidavit filed by the defendant in conjunction with its motion to dismiss. Our inquiry and opinion are confined to those facts which are established by the record. The complaint before the Court in this case reveals that the defendant is an Ohio corporation, that the plaintiff, a resident of Arizona, purchased the baking dish from the defendant and that the plaintiff sustained injuries within the State of Arizona.

The record in the present case does not reveal that the defendant manufacturer conducted business activities within Arizona and derived benefits and protection from the laws of this State, International Shoe Co. v. State of Washington, Stephenson v. Duriron Company, 401 P.2d 423 (Alaska 1965); that the defendant's product enjoyed a substantial use and consumption in this State, Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E. 2d 761 (1961), Deveny v. Rheem Manufacturing Company, 319 F.2d 124 (2d Cir.1963); or that the defendant could reasonably have anticipated and expected that its product would be used in Arizona or have consequences in Arizona, Shepard v. Rheem Manufacturing Company, 249 N.C. 454, 106 S.E.2d 704 (N.C.1959), Gray v. American Radiator & Standard Sanitary Corp., supra, Ehlers v. U. S. Heating & Cooling Mfg. Corp., 267 Minn. 56, 124 N.W.2d 824 (1963), Nixon v. Cohn, 62 Wash.2d 987, 385 P.2d 305 (1963), Feathers v. McLucas, 21 A.D.2d 558, 251 N.Y.S.2d 548 (1964), Aftanase v. Economy Baler Company, 343 F.2d 187 (8th Cir. 1965). Whether a different result would follow were the plaintiff to establish any of the above factors

need not be and is not determined. We hold that the mere fact that the baking dish was physically present in Arizona and that the injury occurred here does not constitute such "minimum contacts" with the State to entitle the Arizona courts to assert in personam jurisdiction over the defendant and the trial court properly granted the defendant's motion to dismiss. Pendzimas v. Eastern Metal Products Corporation, 218 F. Supp. 524 (Minn.1961), O'Brien v. Comstock Foods, Inc., 123 Vt. 461, 194 A.2d 568 (1963).

Judgment affirmed.

CAMERON and DONOFRIO, JJ., concur.