## HESSLER v. NORTH GERMAN LLOYD.
### No. 189.

Circuit Court of Appeals, Second Circuit.
Feb. 1, 1932.

Alfred W. Andrews, of New York City, for appellant.

Joseph E. Worthington, Jr., of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The plaintiff was a third-class passenger upon the defendant's steamer sailing from Hoboken on July 30, 1927, bound for Bremen. Her ticket contained the following clause: "No suit shall be maintainable against the Carrier * * * for * * * personal injury to any passenger, unless written notice of the claim with full particulars, shall be delivered to the Carrier at its office within five days after termination of the voyage, and unless suit shall be commenced thereon within 90 days after such termination." She signed the ticket, but it was taken up during the voyage before she was injured by slipping upon a lower deck, which she said was ill lighted and negligently strewn with orange peel. She landed at Bremen on August 8th and stayed in Germany for three months, after which she came back to Newark, which was her home. She gave no notice of claim to the defendant until fourteen months after her accident, and took out her writ on June 11, 1929. The jury found a verdict in her favor, and the only question for discussion here is whether the clause quoted barred her action.

We are content to assume, arguendo, that the notice clause was invalid under our holding in Oceanic Steam Navigation Co. v. Corcoran, 9 F.(2d) 724, 57 A. L. R. 163, and to leave open the question whether it can be saved, because of the plaintiff's delay of fourteen months in sending any notice, under the doctrine of W. R. Grace & Co. v. Panama R. R. Co., 12 F.(2d) 338 (C. C. A. 2). The suit was not brought within ninety days, or indeed until more than twenty-two months after the accident, and the second part of the clause also applied. Thus the case falls within our ruling in Rady v. Netherlands America S. N. Co., 28 F.(2d) 1017, which was likewise a passenger case. It is also within Schnell v. U. S., 30 F.(2d) 676 (C. C. A. 2), if there is no distinction between cargo and passenger suits. We need say only a few words by way of limiting the effect of our ruling. In Schnell v. U. S., suit was brought very soon after the period of ninety days had expired. Obviously we could not there have depended upon the doctrine of W. R. Grace & Co. v. Panama R. R. Co., and must have held the clause absolutely valid in cargo cases. In Rady v. Netherlands America Co., the plaintiff had delayed for over a year, and W. R. Grace & Co. v. Panama R. R. Co. would be enough authority for the result, if it be still law. Here the delay was even longer. Moreover, in the case at bar there had been no timely notice of claim; the plaintiff delayed it for fourteen months. It does not necessarily follow that a contractual limitation of the time to sue is valid or void, regardless of whether seasonable notice of claim has been given. Conceivably so short a period as ninety days may be invalid, when the carrier receives notice of claim within a reasonable time. We dispose of this case upon the facts as they are; the notice of

claim was long delayed, and the suit was not brought for nearly two years. In such circumstances we think that the carrier may use it as a defence.

Judgment reversed; new trial ordered.