**FOSTER v. CUNARD WHITE STAR, Limited.**

No. 348.

Circuit Court of Appeals, Second Circuit.

July 7, 1941.

Arthur O. Louis, of New York City (Haight, Griffin, Deming & Gardner, David L. Corbin, and Walter T. Hughes, Jr., all of New York City, on the brief), for plaintiff-appellant.

---

William J. Brennan, of New York City (Lord, Day & Lord and James S. Hemingway, all of New York City, on the brief), for defendant-appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The district court dismissed this passenger's action for injuries sustained on shipboard because it was brought 25 months after the event, notwithstanding a provision of the ticket limiting suits to a year. Plaintiff relies on The Kungsholm, 2 Cir., 86 F.2d 703, where the contract proper was in a box or blocked form on the left face of the ticket and the limiting condition, which was not upheld, appeared only on the back of the ticket, and not over the carrier's signature. But we agree with the district court that Baron v. Compagnie Generale Transatlantique, 2 Cir., 108 F.2d 21, is more nearly analogous and controls here. For we find a direct reference in the box on the face of the ticket to the terms and conditions of the contract, these were carried on the ticket's face and back into the box itself, so that the final condition is actually found there, and the signature for the carrier appears immediately thereafter. Thus the limitation is directly made a part of the contract of carriage. Plaintiff is charged with notice of the limitation, since her brother, who purchased the ticket for her (as well as for himself, as he was also a passenger), had it in his possession for some 17 days before the voyage commenced. See also Murray v. Cunard S. S. Co., Ltd., 235 N.Y. 162, 139 N.E. 226, 26 A.L. R. 1371; Dunklee v. Cunard S. S. Co., Ltd., 2 Cir., 69 F.2d 1003, certiorari denied 293 U.S. 563, 55 S.Ct. 74, 79 L.Ed. 663.

Plaintiff asserts further that this provision is inextricably tied to, and made dependent upon, a provision for notice of claim within 40 days after termination of the voyage ("such notice having been given, the suit * * * is commenced within one year after the termination of the voyage," etc.); and since all requirements for notice of less than six months are specifically invalidated by 46 U.S.C.A. § 183b (a), enacted in 1935, this provision, too, should fall. But it seems clear that the intent was to emphasize the necessity of compliance with both requirements, rather than to make one dependent on the other, as in Van Horn v. Kittitas County, C.C.

Wash., 112 F. 1, and therefore the illegality of one was not intended to, and should not, invalidate the other. Hessler v. North German Lloyd, 2 Cir., 55 F.2d 927; W. R. Grace & Co. v. Panama R. Co., 2 Cir., 12 F.2d 338, certiorari denied 273 U.S. 715, 47 S.Ct. 108, 71 L.Ed. 855.

Affirmed.