**MOORE v. AMERICAN SCANTIC LINE, Inc.**

No. 290.

Circuit Court of Appeals, Second Circuit.

July 22, 1941.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne, and John L. Quinlan, both of New York City, of counsel), for plaintiff-appellee.

Hunt, Hill & Betts, of New York City (Geo. Whitefield Betts, Jr., Frank J. Zito, and Helen F. Tuohy, all of New York City, of counsel), for defendant-appellant.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff, in July 1936, purchased a round-trip ticket from New York to Helsinfors and sailed with his wife on the defendant's S.S. "Minnequa." During the eastbound voyage he was painfully injured while skipping rope with others on what was called the bridgedeck when his right foot struck an uneven spot on the deck where three plates overlapped and his Achilles tendon was broken. Trial by jury in the District Court for the Southern District of New York resulted in a verdict and judgment for the plaintiff and the defendant has appealed.

The "Minnequa" was a freighter built at Hog Island which had been re-conditioned to carry not more than sixteen passengers and had been so certified with the highest classification by the American Bureau of Shipping. There was reserved for the use of passengers to exercise a space on the deck amidships near the No. 3 hatch. This deck was made of overlapping steel plates five feet wide by fourteen feet long which were three-eighths of an inch thick. Having been in use for about twenty years, the overlapping edges were in places a little worn down but where, as at some points, the corners of three of the plates overlapped the rise above the surface of the lower plate was practically the combined original thickness of the other two.

Passengers, including the appellee, had been, with the knowledge and approval of the defendant, amusing themselves daily by skipping rope and indulging in other sports on this deck during the ten days of the voyage before plaintiff was hurt. He had made a previous trip on the same ship and had had ample opportunity to observe the condition of the deck. When the appellee was injured he was jumping in a contest to determine which of several participants could continue the longest without missing. The rope, supplied by the ship, was held at one end by the chief engineer and at the other by a passenger who were turning it faster and faster in an effort to make the appellee miss a skip. While this was being done the appellee's position on the deck when he began to jump became changed until his right foot finally came down after a jump on a spot where three plates overlapped and he was injured as stated.

The complaint alleged that the defendant provided for its passengers a deck space for sports and entertainment which it invited the plaintiff to, and he did, use for that purpose but which was, due to its negligence, defective and dangerous for such use in that its surface was uneven and that appellee's injuries were caused by such negligence. The answer put these allegations in issue and contained special defenses of contributory negligence; a passage contract limiting liability and requiring notice of claim which was alleged not to have been complied with; and assumption of risk.

■■ The basis of defendant's liability in such an action as this is negligence. It is not an insurer but does owe the duty to exercise a very high degree of care for the safety of its passengers. Maibrunn v. Hamburg-American S.S. Co., 2 Cir., 77 F. 2d 304; Stokes v. Saltonstall, 13 Pet. 181, 191, 10 L.Ed. 115. A passenger is entitled to have a carrier exercise for his safety as much skill, care, and prudence as an exceedingly competent and cautious man would bring to the task in like circumstances and is liable for injuries to passengers due solely from a failure to do that. Pennsylvania Company v. Roy, 102 U.S. 451, 456, 26 L.Ed. 141; The Thessaloniki, 2 Cir., 267 F. 67.

■ When the uneven condition of the deck is considered in relation to the care the law required of the defendant, it is apparent that the deck was so ill suited for purposes to which the defendant put it that there can be no doubt but that the question of its negligence was for the jury and that in this respect the evidence supported the verdict.

Questions of contributory negligence and assumption of risk are so related that they may be considered together in this instance. As the condition of the deck was plain to be seen there is, indeed, some justification for the view that the appellee having many times seen it must have appreciated the danger, as any adult was bound to do, and been negligent himself in skipping rope there or at least have assumed the risk he should have known was involved in so doing. But that, nevertheless, is not so clearly all one way that it can be ruled as a matter of law. It was for the jury, as was the question of defendant's negligence, to decide upon weighing all the circumstances in evidence in the light of the applicable law as charged whether when he was injured the appellee negligently did what caused the accident or assumed the risk of what might happen to him if he accepted defendant's invitation to amuse himself as other passengers were doing. Kitsap County Transp. Co. v. Harvey, 9 Cir., 15 F.2d 166, 48 A.L.R. 1420. Impartial men might well disagree but that, far from being a basis for reversal, is a sufficient reason for holding that the matter was for the jury. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.

■ The second defense based upon a provision in the plaintiff's ticket, excluding liability for loss, death, damage or delay from certain causes even though caused or contributed to by defendant's negligence,

was stricken out. The defendant rightly concedes that ordinarily such a stipulation in a ticket is void. R.S. § 4283B, 46 U.S.C. A. § 183c; The Arabic, 2 Cir., 50 F.2d 96; Oceanic Steam Navigation Co. v. Corcoran, 2 Cir., 9 F.2d 724, 57 A.L.R. 163. But it has been argued that this ticket is not subject to such infirmities because under it the plaintiff was given a special rate, which amounted to a reduced fare, that made the limitations valid and enforceable. We need not decide what, if any, effect the actual sale of the ticket at a reduced rate might have had for this appeal does not present that question. The evidence of a reduced rate consists of the words "Special Rate" printed on the ticket with a following blank space not filled in. There is no reference to any reduced fare in the clause purporting to limit liability and we cannot assume that any reduced rate was given. Moreover, the ticket was expressly written subject to all the provisions of named statutes which included R.S. § 4283B, 46 U.S.C.A. § 183c, and on its face all limitation clauses were expressly modified in accordance with the statutory requirements. Accordingly, the limitations on liability are either void because contrary to the statute or nonexistent because excluded by the express reference to the statute. Presumably the notice clause defense has been abandoned since it was not urged on the argument but, in any event, it stands the same as the liability limitations and there was no error in striking it.

Judgment affirmed.