## MILLER v. INTERNATIONAL FREIGHT-ING CORP., Inc. et al.

United States District Court
S. D. New York.
April 25, 1951.

———◆———

Ramey & McKelvey, New York City, for plaintiff.

Hill, Rivkins & Middleton, New York City (Barton P. Ferris and Richard T. O'Connell, New York City, of counsel), for defendant International Freighting Corporation, Inc.

Haight, Deming, Gardner, Poor & Havens, New York City (Tallman Bissell, New York City, of counsel), for defendant A/S Sobral.

**McGOHEY, District Judge.**

Defendants move for summary judgment.

Plaintiff, a passenger aboard the S. S. Bowrio on a voyage from Buenos Aires to New York which began December 1, 1948, and ended January 1, 1949, brings this action to recover for loss of her baggage. The action was commenced against International Freighting Corporation, Inc., the time charterer of the vessel, on May 17, 1950, and against A/S Sobral, the owner, on November 8, 1950. Defendants have not answered.

Plaintiff and defendant International signed the passage contract ticket, and immediately above plaintiff's signature the following appears in the same size of type used for the other provisions of the contract: "I acknowledge that I have read, or have had read to me, the terms of the contract ticket, including clauses 1 to 25 inclusive and I agree to them."

Clause 19 of the passenger contract ticket specifies the time for filing a notice of claim and then continues: "Suit to recover on any claim shall not be maintainable unless commenced and process served as follows: (1) within one year from the day when the death or injury occurred in respect to any claim for loss of life or bodily injury in any case where said Section 4283A [of the Revised Statutes, 46 U.S.C.A. § 183b] shall apply; (2) within six months after the passenger shall be landed from the ship or the voyage shall be abandoned or broken up or after the death of the passenger when occurring before landing, whichever may be the case, in respect of any claim whatsoever unless such claim is included within category (1), just mentioned."

The foregoing facts are not in dispute and defendants' motion is based on the fact that the action was not brought within the time stipulated in the contract, namely, six months. It seems to me that summary judgment should be granted.

 Defendants may, contrary to plaintiff's contention, move for summary judgment before answering the complaint,[1] and under the terms of the contract plaintiff's action is barred.

"The parties had a legal right to enter into a contract imposing a limitation of time, and unless courts can see that the contract period is contrary to principles of fairness and justice, the contract as entered into should be enforced."[2] It cannot be said that the time here allowed was insufficient. On the contrary, it seems to me that six months was ample time to allow for commencement of a suit of this kind.[3] Consequently, defendants' motion is granted.

Settle order.

---

1. Fed.Rules Civ.Proc. rule 56 (b), 28 U.S.C.A.; Gifford v. Travelers Protective Ass'n, 9 Cir., 153 F.2d 209; United States v. William S. Gray & Co., D.C.S.D.N.Y., 59 F.Supp. 665.

2. J. Aron & Co. v. Panama R. Co., 255 N.Y. 513, 519, 175 N.E. 273, 275, cert. denied, J. Aaron & Co. v. Panama R. Co., 284 U.S. 635, 52 S.Ct. 18, 76 L.Ed. 540.

3. Armour & Co. Aktieselskab v. Gjeruldsen, 4 Cir., 15 F.2d 553; Olivier Produce Corp. v. United States, D.C.W.D.Wash., 20 F.2d 214; Toplis & Harding, Inc. v. Atlantic Transport Co., 1937 A.M.C. 893; Wolf v. Compagnie Generale Transatlantique, 1938 A.M.C. 702; Mack v. Compagnie Generale Transatlantique, 1938 A.M.C. 1250.