**AZRAK v. PANAMA CANAL CO.**

United States District Court
S. D. New York.

Dec. 14, 1953.

Ferris & Adams, New York City, for plaintiff, Jacob Rassner, New York City, of counsel.

Thomas J. Maginnis, New York City, for defendant, Arthur P. Loughran, New York City, of counsel.

SUGARMAN, District Judge.

On March 22, 1950, Frida Azrak filed her complaint herein against Panama Railroad Company, alleging in substance that "on or about July 16, 1948, the plaintiff duly became a passenger on board a ship owned by the defendant and operated under the name of the Panama Railroad Company known as Steamship 'Ancon' at Cristobal, in the Panama Canal Zone"; that "on board the said ship the plaintiff occupied cabin [No.] 234 and duly paid for her transportation to the United States"; that by reason of defendant's negligence in permitting the lighting system in her cabin bathroom to become and remain in a defective condition, she suffered severe personal injuries, for which she demands damages. Issue was joined on April 10, 1950.

Defendant's answer pleads a separate defense on which it now moves for summary judgment, i. e., "on the ground that the plaintiff did not commence this action within six (6) months nor within one (1) year after her alleged claim arose as required by the provisions contained in the steamship passage contract and that said action is thereby barred * * *".

In support of its motion, defendant furnished a photostatic copy of the defendant's transportation ticket No. 188 under which defendant claims plaintiff, with one Miss Margot A. Azrak, made the voyage from Cristobal, Canal Zone to New York on a "2-in-a-room basis". The face of the ticket, signed by the defendant's agent, merely states "Subject to the terms of Passage Contract numbered 1 to 22 inclusive on reverse portion of this ticket". On the reverse side, in very small type, are printed the "Terms of Passage Contract" including paragraph 12 which provides:

"Notwithstanding any other limitation by law or that the Carrier may be a foreign corporation or non-resident, no suit shall be maintained against it in any jurisdiction nor shall the Carrier be liable, for damages for breach of this contract or for delay, loss or injury to any person or property or for death of any person, unless written notice of the claim is presented to the Carrier not later than thirty (30) days after the claim arose and unless also suit is commenced not later than six (6) months after the claim arose; provided that, in any case where Section 4283A of the revised statutes of the United States shall apply, the period for giving notice of, or filing claims for loss of life or bodily injury, shall be six (6) months, and for the institution of suits on such claims, shall be one (1) year, computed from the day when the death or injury occurred".

Claiming that plaintiff is conclusively barred from recovery by reason of this contractual time period of limitation, defendant demands summary judgment in its favor.

Defendant relies on cases which hold that a passenger is bound by the terms of the contract of passage embodied in the transportation ticket regardless of whether it was read or signed by him.[1] However, these cases leave unaffected the rule in this Circuit that the terms of a contract such as here presented are not binding on the purported parties unless the person sought to be bound has at least constructive or imputed knowledge of the contractual provisions and accepts them expressly or impliedly.[2]

Nowhere in the papers before me does it appear how the plaintiff came to be a passenger on the "Ancon". The complaint does not allege the purchase or acceptance of ticket No. 188 or of any ticket. Ticket No. 188 is apparently signed on the reverse portion by some person other than plaintiff or her fellow passenger named in the ticket, whose identity and relationship, if any, to the plaintiff is not explained. Therefore, whether plaintiff is bound by the terms of the transportation contract is a question that can be resolved only after the circumstances surrounding the issuance of the ticket are proven. Thus, a triable issue of fact is presented and defendant's motion for summary judgment must be and is denied.

In view of the foregoing, it becomes unnecessary to now consider the plaintiff's additional argument that her prior commencement and discontinuance of suit against the United States effects a survival of her claim.

Settle order.

1. Murray v. Cunard Steamship Co., 235 N.Y. 162, 139 N.E. 226, 26 A.L.R. 1371; Rasmussen v. Gdynia America Lines, Limited, Sup., 126 N.Y.S.2d 872, 1953 A. M.C. 411.

2. The Kungsholm, 2 Cir., 86 F.2d 703; Foster v. Cunard White Star, Limited, 2 Cir., 121 F.2d 12.