Mary **TOOHILL**
v.
**CUNARD STEAMSHIP CO., Ltd.**
Civ. A. No. 54–704.

United States District Court
D. Massachusetts.
Feb. 24, 1955.

William H. Diamond, Boston, Mass., for plaintiff.

Arthur J. Santry, Putnam, Bell, Santry & Ray, Boston, Mass., for defendant.

McCARTHY, District Judge.

The plaintiff seeks to recover for personal injuries allegedly sustained while a passenger on the defendant's vessel sailing from New York to Ireland, claimed to have been due to negligence on the part of the defendant.

The cause came on to be heard on the defendant's motion for summary judgment, "for the reason that as appears from the affidavits of Peter J. Mahon and George N. Mathews filed herewith the contract ticket issued to the plaintiff in connection with the voyage upon which she alleges that she received injuries, provides in Paragraph 10 thereof that no suit, action, or proceeding against the Company or the ship shall be maintainable for bodily injury to any passenger unless such suit, action or proceeding is commenced within one year from the day when the injury occurred and that it also appears from the plaintiff's complaint that the alleged injury occurred July 8, 1953, and from the summons that this action was commenced September 7, 1954".

There is no doubt that the action was commenced more than one year from the day when the injury occurred. A question of law arises as to the effect of the limitation provisions on the ticket.

The tort charged in the complaint arose out of the performance of a contract made in the United States. The injury was received allegedly on an English ship in American territorial waters in the Port of New York. Liability, therefore, if it came into being, existed by reason of American law, in the course of performance of a contract made here, calling for performance first in the United States. American law, under these circumstances, determines defendant's initial liability and whether that liability subsisted at the date the suit was filed. " * * * the cause of action asserted is founded on a maritime tort, cognizable in admiralty; and hence the substantive law to be applied is the 'general maritime law' of which the ultimate expositor is the Supreme Court of the United States. * * *" Jansson, v. Swedish American Line, 1 Cir., 185 F.2d 212, 216, 30 A.L.R.2d 1385. This is so, although the right may be enforced by a civil action for damages on the law side of a federal district court.

The plaintiff's brief, filed in opposition to the defendant's motion for summary judgment, contains the statement that "The leading case upon which plaintiff relies is The Majestic, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039". The Majestic is the "landmark" case on this particular subject matter and stands for the proposition that an exception which is not a part of the contract of passage and is not referred to in the body of the contract constitutes a mere notice to the passenger. Such notice may or may not protect the carrier against liability, depending upon certain further circumstances.

The ticket described in The Majestic, however, does not bear so close a resemblance to the ticket in the case at bar as that involved in The Kungsholm, 2 Cir., 86 F.2d 703, 705. There, as here, the "box" on the face of the ticket contained the essential elements of the contract of carriage, and the signature of the defendant's agent was in the "box", rather than at the foot of the " 'terms and conditions'." The Court there held that since the defendant's signature was in the box, and since the numbered paragraphs containing the limitation provisions were not incorporated textually or by reference into the box, the limitations were *not* a part of the contract of carriage. The same is true here. The Court of Appeals for the Second Circuit regarded the position of the carrier's signature in The Kungsholm as "decisive against the carrier." Baron v. Compagnie Generale Transatlantique, 2 Cir., 108 F.2d 21, 23. It is likewise decisive against this carrier on its motion for summary judgment.

If the limitation provisions had been a part of the contract of passage

the passenger would have been bound by them regardless of whether she read them, provided they were not unlawful in content. The Leviathan, 2 Cir., 72 F.2d 286. Murray v. Cunard S. S. Co., 235 N.Y. 162, 139 N.E. 226, 26 A.L.R. 1371. Stipulations affecting the carrier's liability which are *not* a part of the contract, however, must, in order to be effective, be brought to the knowledge of the passenger. On this motion for summary judgment, the issue of knowledge cannot be decided. That issue must be resolved at the time of trial.

The opinion of this court in Jansson v. Swedish American Line, D.C., 89 F. Supp. 557, has been cited by the defendant. It appears from the decision, however, that the condition was there incorporated into the contract by reference to it in the body of the contract above the carrier's signature.

It follows that the motion for summary judgment must be, and hereby is, denied.