**Martha B. McCAFFREY, Plaintiff,**

v.

**The CUNARD STEAMSHIP COMPANY, Limited, Defendant.**

United States District Court
S. D. New York.
Sept. 2, 1955.

Myers & Guerin, New York City, Margiotti & Casey, Pittsburgh, Pa., for plaintiff.

Lord, Day & Lord, John W. Castles, 3d, New York City, of counsel, for defendant.

WALSH, District Judge.

This is an action for personal injuries sustained by plaintiff while a passenger on board defendant's ship Mauretania. Defendant has moved for summary judgment dismissing the complaint as time-barred under the terms of its contract with plaintiff. The motion is denied. It cannot be held that, as a matter of law, the clause on the back of plaintiff's ticket which purported to limit the time within which her action could be brought was part of the contract between the parties.

Plaintiff, in Ireland, purchased a westbound ticket for her passage. In the lower right-hand corner of the face of this ticket, in small capitals, were the words "SEE BACK". The back of the ticket contained, in addition to 17 other conditions, the following:

"10. * *. * No suit, action or proceeding against the Company or the ship, or the agents of either, shall be maintainable for loss of life of or bodily injury to any passenger unless (a) written notice of claim be delivered to the Company * * * within six months from the day when the death or injury occurred and (b) such notice having been given, the suit, action or proceeding is commenced within one year from the day when the death or injury occurred."

Plaintiff did not actually read the ticket. It was delivered to her in an envelope upon payment of the passage money. She kept the ticket in her handbag, with her travelers' checks and other valuables until she surrendered it upon boarding the ship. After she boarded the ship she surrendered the entire ticket. No part was returned to her for further reference.

Plaintiff promptly notified defendant of her claim but she did not commence her action within one year. Plaintiff boarded the ship and surrendered her ticket on August 11, 1951. The injury occurred on August 12th. Upon arrival in New York a few days later, plaintiff went directly to her home in Pittsburgh, Pa. There she almost immediately telephoned the defendant's office and complained of her accident. She was x-rayed and found to have a fracture of the first lumbar vertebrae. On August 23rd, defendant wrote plaintiff that it would request a report on her accident and would communicate with her further. On September 19, 1951, defendant wrote plaintiff that the accident occurred without fault and was due to rough seas. This letter also asked plaintiff to keep defendant advised of her progress and stated that it was asking the head office abroad "to make a full investigation of the occurrence". The letter closed with the reservation that it was written "without admission of liability and without prejudice to any of our rights under the terms of the passage contract ticket under which you traveled as well as our rights and immunities under British and American laws". There was no other correspondence between the parties.

■ The contract having been made in Ireland is governed by the laws of that country. Liverpool & Great Western Steam Co. v. Phenix Ins. Co., 1888, 129 U.S. 397, 458, 9 S.Ct. 469, 32 L.Ed. 788. The Irish Constitution of 1922 adopts the prior English law in the absence of express conflict. (§ 73).[1]

■ Under applicable British law, limitations of liability expressed on tickets have been upheld. In the absence of proof of actual assent by the passenger, however, the question is whether the carrier did what was reasonably sufficient to give the plaintiff notice of the conditions of the contract. The issue was thus framed in Parker v. South Eastern Railway Co., C.A., 36 L.T.R. 540, 543 (1877); and approved by the House of Lords in Richardson, Spence & Co. v. Rowntree [1894] A.C. 217, 220. It has been accepted as a statement of the British law ever since.

■ Where the conditions are not in the main body of the contract and where the passenger is not led to expect special conditions as by taking advantage of a bargain rate for transportation or by an unambiguous warning on the face of the ticket, the question of the sufficiency of the notice of the conditions is one left for the trier of the facts. Parker v. South Eastern Railway Co., supra.; Richardson, Spence & Co. v. Rowntree, supra, and see also, Hooper v. Furness Rail. Co., 23 T.L.R. 451, 452 (1907); Skrine v. Gould, 29 T.L.R. 19, 21 (1912). This has been true even in some cases where the conditions were on the face of the ticket. See Williamson v. North of Scotland and Orkney and Shetland Steam Navigation Co., 1916, S.C. 554, 562, where the verdict for plaintiff was affirmed because of small size of type, and Hood v. Anchor Line (Henderson Brothers) Ltd., [1918] A.C. 837, 844 H.L., where the verdict for defendant was affirmed but the issue recognized as one of fact.

■ Where the sufficiency of the notice is a matter of fact beyond dispute, the courts have, of course, directed verdicts for the defendant. Cooke v. Wilson (T) Sons & Co., 85 L.J.,K.B., 888 (1916); Early v. Great Southern Railways Co., 1940, I.R. 409, 419; Watkins v. Rymill, 10 Q.B.D. 178, 190 (1883); Stewart v. London and Northwestern Rail. Co., 159 E.R. 479 (1864).

■ Upon the facts of the present case, the issue must be left for the jury. The most analogous precedent is Richardson, Spence & Co. v. Rowntree,

---

1. One of the other conditions on the back of the ticket purports to subject the agreement between the plaintiff and defendant to the English law. To hold this clause effective, however, would be to beg the very question here presented. In any event, the effect of the clause is academic because it is conceded that there is no difference between the applicable law of Ireland and England.

supra, [1894], A.C. 217, 220, which like the present case concerned steamship transportation. There, as here, the ticket was given to the passenger with the printed conditions innocently concealed. There, as here, the condition in question was one of a large number included on the ticket. In some ways that case was even more favorable to the defendant than the present one. There the conditions were apparently on the face of the ticket, or, at least, they began on its face. Further, the condition there was one for limitation of liability, whereas the condition in the present case is a more subtle one and one more difficult for a lay passenger to appreciate—a limitation upon the time for prosecution of claims. In both cases the entire ticket was taken from the passenger on boarding the ship, thus differing from Hood v. Anchor Line (Henderson Brothers) Ltd., supra, in which the passenger retained his own counterpart. The failure to leave the passenger with her copy of the alleged contract is all the more significant here because when the passenger last had an opportunity to read the conditions of the ticket her interest in a claim for damages was purely academic. After her accident had in fact occurred neither she nor her lawyer had a copy of the ticket to peruse.

There is also the question of the effect of the defendant's correspondence with the plaintiff after her accident. It was ambiguous at best and a jury may find that it negated any previous efforts by defendant to give plaintiff notice of the condition in question. It certainly suggested a continuing investigation, and although a perfect opportunity was afforded for fair notice to plaintiff and her lawyer, defendant deliberately avoided giving information of the time within which action was to be brought.

The use of tickets and tokens connected with transportation as instruments for extensive or technical limitations upon the liability of carriers, though now long sanctioned, is an indulgence in an unrealistic fiction and hardly one to be encouraged or enlarged. The sufficiency of notice turns upon the peculiar circumstances of each case. Concededly a carrier cannot be expected to give a lengthy explanation of the terms of its contract of carriage to each passenger as he buys a ticket, but after prompt notice of a claim is made and there is no need for hasty disposition of the matter it might well be found by a jury that under these circumstances reliance on the previous notice of the condition was neither reasonable nor sufficient and that defendant, if it intended to rely upon the conditions on the back of the contract, was at least required to disclose again to the plaintiff the terms of the condition on the back of her ticket, which she had already surrendered.

 Motion for summary judgment denied.