**Carmela CARUSO, Plaintiff,**

v.

**ITALIAN LINE, Defendant.**

United States District Court
S. D. New York.

Feb. 24, 1960.

Jerome Golenbock, New York City, for plaintiff, Donald S. Sherwood, New York City, of counsel.

Dorsey & Burke, New York City, for defendant. Wm. Donald Fleck, New York City, of counsel.

HERLANDS, District Judge.

This is an action for personal injury suffered by plaintiff on the high seas while a passenger aboard defendant's liner S.S. Cristoforo Columbo, en route from Naples, Italy, to New York. The suit is brought in this court pursuant to its diversity jurisdiction.

Plaintiff, a citizen of New Jersey, obtained her passage ticket in Palermo, Italy, in exchange for a return ticket which she had purchased in New York.

■ The court has before it a motion of defendant for summary judgment on the ground that the action is time-barred because it was not begun within the one-year limitation provided in the ticket.[1]

■ The instant cause of action is a maritime tort governed by the general maritime law of the United States. That body of law provides the rule governing choice of law.[2]

■■ Where the effect of a time-bar provision in a maritime passage ticket is at issue, federal courts ordinarily determine which law governs the contractual relationship of the passenger and the carrier by "grouping the contacts" or "finding the center of gravity" of the contract.[3] The relevant contacts are the place of making the contract (probably the most important[4]), the place where the voyage was to begin and the place where the accident causing the injury occurred.[5]

■ In the case at bar, the passage was contracted for in Italy, the voyage began there, and the accident occurred aboard an Italian flag vessel on the high seas.

The passage ticket itself provides that the contract of passage be regulated by Italian law. The legend above the space provided for the signature of the passenger or his agent reads:

"I, the undersigned holder of this Passage Contract, do hereby declare to the effects and under the provisions of Arts. 1341 & 1342 of the Italian Civil Code in force, that I am aware and adhere to all conditions and clauses set forth on both sides of said Passage Contract, and that I specifically approve clauses Nos. * * * 29 [time-bar], * * * 35 [Italian law shall govern]."

Neither plaintiff nor any agent of hers signed in the space provided. It was left blank. Plaintiff does not read Italian or English, the languages of the document.

■ Although a recital of the law governing the contract may be determinative in a proper case,[6] it is here but one consideration in determining choice of law[7] because its consensual nature is clearly fictitious.[8]

The court holds that Italian law governs the contractual relationship of the parties to this suit. Whether this passage ticket, including the pertinent clauses, constitutes a contract, and whether the limitation provision is valid and effective in this situation, must be determined in accordance with Italian law.

1. Such a contractual provision is not contrary to United States public policy. See 46 U.S.C.A. § 183b.

2. Siegelman v. Cunard White Star, Ltd., 2 Cir., 1955, 221 F.2d 189; Jansson v. Swedish American Line, 1 Cir., 1950, 185 F.2d 212, 30 A.L.R.2d 1385; Mulvihill v. Furness, Withy & Co., D.C.S.D. N.Y.1955, 136 F.Supp. 201. See Norris, Maritime Personal Injuries (1959), section 100.

3. Jansson v. Swedish American Line, 1 Cir., 1950, 185 F.2d 212; Fricke v. Isbrandtsen Co., D.C.S.D.N.Y.1957, 151 F. Supp. 465; Mulvihill v. Furness, Withy & Co., D.C.S.D.N.Y.1955, 136 F.Supp. 201.

4. The place of contracting has sometimes been held to be *the* determinative factor. Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 1889, 129 U.S. 397, 9 S.Ct. 469, 32 L.Ed. 788; Jansson v. Swedish American Line, 1 Cir., 1950, 185 F.2d 212; McCaffrey v. Cunard S.S. Co., D.C.S.D. N.Y.1955, 139 F.Supp. 472. See Norris, Maritime. Personal Injuries (1959) section 101.

5. Cases cited Note 3, supra.

6. See Siegelman v. Cunard White Star, Ltd., 2 Cir., 1955, 221 F.2d 189.

7. Mulvihill v. Furness, Withy & Co., D.C. S.D.N.Y.1955, 136 F.Supp. 201; Fricke v. Isbrandtsen Co., D.C.S.D.N.Y.1957, 151 F.Supp. 465.

8. See Siegelman v. Cunard White Star Ltd., 2 Cir., 1955, 221 F.2d 189, 204, et seq.; Fricke v. Isbrandtsen Co., D.C.S.D. N.Y.1957, 151 F.Supp. 465, 467; Mulvihill v. Furness, Withy & Co., D.C.S.D. N.Y.1955, 136 F.Supp. 201, 206. See also Ehrenzweig, Adhesion Contracts in the Conflict of Laws, 53 Colum.L.Rev. 1072 (1953).

Defendant's motion for summary judgment is, therefore, denied, without prejudice to defendant's right to renew, if so advised, upon a proper showing of Italian law.[9]

9. Fricke v. Isbrandtsen Co., D.C.S.D.N.Y. 1957, 151 F.Supp. 465. Cf. Jansson v. Swedish American Line, 1 Cir., 1950, 185 F.2d 212.