**Sally STAPP, Plaintiff,**

v.

**ITALIAN–AMERICAN LINES, INC., and Societa Per Azioni Di Navigazione, Defendants.**

United States District Court
S. D. New York.

March 2, 1960.

**580**

Bower & O'Connor, New York City, for plaintiff. William F. O'Connor, New York City, of counsel.

Dorsey & Burke, New York City, for defendant. William Donald Fleck, New York City, of counsel.

SUGARMAN, District Judge.

Plaintiff commenced an action in this court to recover damages for personal injuries resulting from defendants' alleged negligence in navigating the S.S. Cristoforo Colombo and the unseaworthiness of that vessel while plaintiff was a passenger thereon.

Defendants' answer included defences (a) that the action was time barred because not commenced within one year of the date of the alleged injury as re-

quired by the contract of passage and (b) that the action was barred by the Italian statute of limitations made applicable by the contract of passage and which defendant claims requires suit to be brought within one year from the date of termination of the voyage.

The complaint alleges that the accident occurred on December 3, 1954. The complaint was filed May 15, 1957.

Defendant now moves for summary judgment dismissing the complaint.

In support of its motion defendant submits a photostatic copy of plaintiff's ticket which purports to be a contract of passage. Defendant contends and plaintiff denies that plaintiff received a translation in English of the terms and conditions of the contract when she accepted the ticket.

The ticket was issued to the plaintiff at Rome, Italy, on October 29, 1954 for passage from Gibraltar to New York aboard the Cristoforo Colombo sailing November 28, 1954. The essential terms of a complete passage contract appear in a "box" on its first page in the English and Italian languages.

The ticket is apparently "signed" or validated by defendant's agent by means of a stamp on the face of the ticket below the "box". Thereafter and partly covered by this signature of defendant are consecutively numbered paragraphs in Italian and not in English, which run over through most of the second page of the document.

There finally appears at the bottom of the second page, in both languages, the following:

"I, the undersigned holder of this Passage Contract, do hereby declare to the effects and under the provisions of Art. 1341 & 1342 of the Italian Civil Code in force, that I am aware and adhere to all conditions and clauses set forth on both sides of said Passage Contract, and that I specifically approve clauses Nos. 1, 2, 4, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 20, 21, 23, 24, 26, 28, 29, 31, 32, 33, 34."

The ticket was not signed by the passenger at the place defendant reserved for her signature at the bottom of the second page, nor does plaintiff's signature appear anywhere else on the document.

Therefore, unless on the trial the defendant can prove that the plaintiff had actual knowledge of the printed matters on which defendant now relies, the entire contract of transportation appears on the first page of the ticket in the "box" above defendant's signature.[1]

The motion is denied.

It is so ordered.

1. The Kungsholm, 2 Cir., 1936, 86 F.2d 703, 704; Toohill v. Cunard Steamship Co., D.C.D.Mass.1955, 130 F.Supp. 128, 129; Cf. Furr v. Societa Italiana Transporti Marrittimi, Genoa, Italy, D.C.S.D. N.Y.1958, 162 F.Supp. 645.