Carmine **PISACANE**, Plaintiff,

v.

**ITALIA SOCIETA PER AZIONI DI NAV-IGAZIONE, also known as Italian Line, Defendant.**

United States District Court
S. D. New York.
July 17, 1963.

O. Raymond Basile, New York City, for plaintiff.

Dorsey, Burke & Griffin, New York City, Gerald F. Greene, Jr., New York City, of counsel, for defendant.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff Pisacane sues for personal injuries sustained while a passenger aboard defendant's vessel M/V Vulcania on the high seas. Defendant Italian Line moves for summary judgment under Rule 56, F.R.Civ.P., upon the ground that the action is time-barred by a passage ticket contract between the parties which bars institution of suit more than one year after the happening of an injury.

Plaintiff is an American citizen residing in Florida and defendant is an Italian corporation. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

Plaintiff was injured on September 28, 1958, while the Vulcania, an Italian flag vessel was en route from Naples, Italy, to New York. He had apparently purchased a round trip ticket on May 9, 1958 from a travel agency in New York which he exchanged in Genoa, Italy, on July 25, 1958, for the passage ticket under which he was traveling at the time of the accident. The Vulcania sailed from Naples on September 20, 1958 and arrived in New York some time thereafter. Suit was instituted on October 27, 1959, some thirteen months after the injury.

The condition of the passage ticket upon which defendant relies provided that,

"No action or proceeding against the company for death or injury of any kind to the passenger shall be instituted unless * * * the action or suit arising therefrom is commenced within one year from the date when the death or injury occurred."

This was one of thirty-five conditions incorporated by reference into the passage ticket by an italicized proviso on its face, reading "This passage ticket is subject to the terms and conditions printed on coupons B) and C) and on the inside of the ticket cover." The conditions were printed on the coupons in Italian and on the ticket cover in English and plaintiff reads both languages.

The law governing the contract relationship of the parties rather than that which governs the accident itself determines the validity and effect of the contractual time-bar provision.

The complaint in this diversity action states a claim sounding in maritime tort. It is clear therefore that federal maritime choice of law rules must be used to determine the applicable law. Siegelman v. Cunard White Star, Ltd., 221 F.2d 189, (2 Cir. 1955); Jansson v. Swedish American Line, 185 F.2d 212, 30 A.L.R.2d 1385 (1 Cir. 1950).

If such choice of law rules required that American law be applied to the contract, the contract would be valid, the statute of limitations binding, and plaintiff would be barred by the contract from suing after the limitation of one year had expired. See 46 U.S.C. § 183b and Geller v. Holland-America Line, 298 F.2d 618 (2 Cir. 1962). But under federal choice of law rules American law does not govern this contract.

Condition thirty-five of the passage ticket provided that it was to be "subject to the Italian Law." While such a provision is not conclusive for choice of law purposes, where, as here, the contract was made in the forum specified, the voyage commenced there, and the vessel sailed under the flag of the forum, the center of gravity of the contract lies there and the law of that country should be applied to the contract. See Siegelman v. Cunard White Star, Ltd., supra; Caruso v. Italian Line, 184 F.Supp. 862 (S.D.N.Y.1960); Fricke v. Isbrandtsen Company, Inc., 151 F.Supp. 465 (S.D.N.Y.1957); Mulvihill v. Furness, Withy & Co., Ltd., 136 F.Supp. 201 (S.D.N.Y. 1955). Italian law therefore governs the contractual relationship of the parties here.

To establish the applicable Italian law, defendant has submitted an affidavit by an expert on that subject.[1]

---

1. As a general rule, foreign law is a fact which must be proven by the party relying on it. See Black Diamond Steamship Corp. v. Robert Stewart & Sons,

The affidavit states that "the passage ticket is adequate evidence" of the existence of a contract of transportation and its terms under Article 396 of the Italian Code of Navigation. Speaking next to the validity of the contractual period of limitations, it states that Article 418 of the Code of Navigation is applicable, providing,

> "The rights arising under contacts of transportation of persons * * * are barred by the statute of limitations [one year] after the arrival of the passenger at his destination * * *."

Finally, Article 2936 of the Italian Civil Code is stated to be relevant, as well. It provides that,

> "Any agreement conceived for the purpose of changing the terms of the law with regard to the statute of limitations is null and void."

The affidavit of defendant's expert is based on a hypothetical state of facts different in material respects from the facts in the case at bar. But disregarding this and assuming that Article 418 is applicable to a case where plaintiff asserts rights under general maritime law rather than under the contract of transportation itself, the affidavit poses a problem which requires denial of defendant's motion. Under Italian law, as it is stated in the affidavit, it is at least a question as to whether Article 2936 does not render void the contractual limitation of one year *from the date of the injury* upon the ground that it was "conceived for the purpose of changing the terms of the law" since the limitation period provided by Article 418 is one year *from the date of arrival at destination*.

Since the statutory and contractual limitation periods are different on their faces,[2] it would appear that the contract provision is, in fact, void under Italian law and I would be compelled so to hold on the record before me were I required to do so in order to dispose of this motion. However, since the question is one of fact, and the presence of such a question requires denial of defendant's motion under Rule 56, it is unnecessary and perhaps unwise to do more on the basis of a single affidavit at this point in the litigation.

It may be noted, moreover, that if the contractual limitation in the passage ticket is in fact void, it is not unlikely that defendant will be unable to avail himself of the statutory limitation provided by Article 418 of the Italian Code of Navigation in its stead. See Bournias v. Atlantic Maritime Co., Ltd., 220 F.2d 152 (2 Cir. 1955). See also, generally, Hausman v. Buckley, 299 F.2d 696, 701 (2 Cir. 1962) cert. den. 369 U.S. 885, 82 S.Ct. 1157, 8 L.Ed.2d 286 (1962) and cases cited therein. However, because this question involves different factors it plainly should not be resolved on the papers now before me.

I might also add that even if Article 418 were applicable, the date when the limitation period began to run under it, which is the day the Vulcania arrived in New York on the voyage in question, has not been stated in any of the papers which may be considered by the court on this motion.

Defendant's motion is denied.

It is so ordered.

Ltd., 336 U.S. 386, 69 S.Ct. 622, 93 L. Ed. 754 (1949); Walton v. Arabian American Oil Co., 233 F.2d 541 (2 Cir. 1956) cert. den. 352 U.S. 872, 77 S.Ct. 97, 1 L.Ed.2d 77 (1956). The use of an affidavit by an authority on the law of the country involved, such as the one before me, is manifestly proper for such purposes on a motion for summary judgment.

2. With the advent of the leisure cruise, perhaps in reaction to the jet plane and supersonic pace of modern living, it is apparent that there may be relatively substantial difference between the period of limitation under the contract and that under the statute.